BAILEY, J.
It is clear that the claims here involved could not have been brought into the first interference (No. 54823), and another interference would have been declared. It is true that the two might have run concurrently, but I do not see that Rule 109 requires an applicant to bring in claims which were not involved in the first interference. I think that the case of In re Chase, 71 Fed. (2nd) 178, is in point.
I think that the plaintiff is entitled to the relief sought.
BAILEY, J.
I am still of the opinion that the Chase ease is in point, but I think that it has been practically overruled in the *46 Brashers case, 74 Fed. (2nd) 751. In the latter case the applicant contended that:
“Estoppel cannot be created against an assignee on the ground of its failure to move under Rule 109 to insert a claim for a subject matter which is not disclosed in said assignee’s interfering application.”
This contention was decided adversely to the applicant by the Court of Customs and Patent Appeals, and, I think, controls the instant case. While this court is not controlled by the decisions of that Court, I think that uniformity in practice should be promoted, and that the decisions of the officials of the Patent Office and of their appellate tribunals in the construction of the rules of the Patent Office should be followed, if not plainly erroneous.
As to the meaning of Rule 109, were it not for many administrative rulings to the contrary, I should construe it as I did in my first memorandum opinion.
The petition for a rehearing is granted and the bill will be dismissed with costs.
FINDINGS OF FACT.
1. Plaintiff is the owner of the application of Oscar T. Thompson which was filed in the Patent Office on November 15, 1926, Serial No. 148,322, for an invention relating to Pad Folding Machines, and is also the owner of Bauer patent 1,794,358, issued March 3, 1931, on an application filed January 18, 1924, Serial No. 687,012.
2. While the Bauer application and the Thompson appli-' cation were copending in the Patent Office, and owned by the same assignee, Plaintiff herein, i. e., on January 22, 1927, the Patent Office declared an interference, No. 54,823, between the Bauer application and an application of Harrison R. Williams, Serial No. 98,050, filed' March 29, 1926, which first interference was dissolved as to counts 1, 2, 3 and 10, *47 on the ground of public use and was finally decided in favor of the party Bauer as to counts 6, 7, 8 and 9.
3. Thompson’s claims 23, 33, 34, 37 and 38 here in issue are readable on the Williams disclosure, but are not readable on the Bauer disclosure.
4. During the pendency of the Williams-Bauer Interference No. 54,823 no motion was made under Patent Office Rule 109 to have an interference declared between Thompson and Williams.
5. On July 27,1932, the Patent Office declared a second interference No. 64,282 between the Thompson application and the Williams application and the counts of said second interference corresponded to the Thompson claims 23, 33, 34, 37 and 38 here in issue. In said second interference No. 64,282, Thompson-Williams, the party Williams moved to dissolve on the ground of estoppel under Patent Office Rule 109, which motion to dissolve was granted by the Examiner of Interference, whose decision was affirmed by the Board of Appeals. The Board of Appeals also denied Thompson’s petition for rehearing or modification.
6. After the Board of Appeals handed down its decision, the Primary Examiner of the Patent Office who had charge of the Thompson application rejected the Thompson claims here in issue and based his final rejection on the decision of the Examiner of Interferences, and the decision of the Board of Appeals in Thompson v. Williams Interference No. 64,282.
7. After an ex parte appeal by Thompson, the Board of Appeals affirmed the final decision of the Primary Exam-inter rejecting the Thompson claims here in issue on the ground of estoppel, whereupon Plaintiff filed its Bill in Equity in this Court under R. S. 4915 (U. S. Code Title 35, Section 63).
*48 8. On June 5, 1934, the Williams application matured into patent No. 1,961,273, which contains five claims corresponding to the Thompson claims here in issue.
9. Ever since the filing of the Thompson application, said application has contained one or more claims directed to the subject matter of the claims involved herein.
10. The invention in controversy relates to an .addition or attachment for the machine disclosed in the Bauer patent and this attachment is not shown or described in the Bauer patent
11. Claims 25, 26, and 27 of the Williams patent are duplicates of claims 23, 33, and 34 of the Thompson application here in issue and were copied and taken by Williams from the Thompson application in which they originated.
CONCLUSIONS OK LAW.
1. Thompson’s claims 23,33, 34, 37 and 38, here in issue, could not have been made issues of the first Interference No. 54,823.
2. Plaintiff having failed to take proper action under Rule 109 is now estopped to make the claims in issue.
3. Plaintiff is not entitled to an allowance of the claims, and the Bill of Complaint will be dismissed.